Dear Mr. Kling:
You requested an Attorney General's opinion regarding the proposed issuance of $100,000,000 of interim borrowing arrangements by the New Orleans Aviation Board ("NOAB"). NOAB submitted an Application for Approval for authority to incur debt and issue one or more interim borrowing arrangements such as bond anticipation notes, grant anticipation notes, and revenue anticipation notes, in an amount not to exceed $100,000,000 for working capital purposes for operations at the Louis Armstrong New Orleans International Airport ("Airport"), to pay debt service on previously outstanding indebtedness of NOAB, and to pay for capital projects at the Airport. NOAB seeks to issue the notes pursuant to the authority granted under La. R.S.39:1034(D), La. R.S. 39:1430, La. R.S. 39:1444 through 1455, La. R.S. 39:1460.1 through 1460.2, and La. R.S. 39:1470 through 1473. You question whether NOAB has the authority to issue such borrowing arrangements for the above stated purposes pursuant to these statutes.
First, it should be noted that NOAB is a board existing pursuant to the authority of Article V, Section 601 of the Home Rule Charter of the City of New Orleans ("Charter"). As such, NOAB is authorized to issue bonds or notes, for various purposes, pursuant to each of the cited statutes.
One of the purposes for which the borrowing arrangements are to be issued is to pay debt service on the outstanding indebtedness of NOAB. To determine whether NOAB may issue bonds for repayment of previously outstanding debt we look to La. R.S. 39:1444
through 1455, which deal with the refunding of securities of public entities. R.S. 39:1444(5) defines "Public entities" or "public entity" as follows: *Page 2 
 "Public entities" or "public entity" means any one of the following, acting alone or in conjunction with any other:
 (a) State boards, commissions, or agencies; parishes; municipalities; parish and municipal school boards and districts; levee boards and districts; port boards and commissions; port, harbor, terminal, and industrial districts; drainage and land reclamation districts; all special service districts, including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts; public trusts; and industrial development boards;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) Any other unit of local government created or governed by the governing authority of any parish or municipality.
La. R.S. 39:1445 provides:
 Subject to the approval of the State Bond Commission and without reference to any other provisions of the laws of Louisiana and in addition to any other authority therefore [sic], any public entity is hereby authorized to issue refunding bonds for the purpose of refunding, readjusting, restructuring, refinancing, extending, or unifying the whole or any part of its outstanding securities in an amount sufficient to provide the funds necessary to effectuate the purpose for which the refunding bonds are being issued and to pay all costs associated therewith.
Because NOAB meets the definition of public entity, it is authorized to issue refunding bonds pursuant to R.S. 39:1445, and is authorized to issue the bonds for the purpose of refunding, readjusting, restructuring, refinancing, extending, or unifying the whole or any part of its outstanding securities. Therefore, NOAB may issue refunding bonds to pay debt service on outstanding indebtedness.
To determine whether NOAB may issue revenue bonds for the other purposes listed in its application for approval to the State Bond Commission, we look to La. R.S. 39:1034(D), which governs the issuance of revenue bonds by the City of New Orleans and provides: *Page 3 
 D. Revenue bonds. (1) The City and public entities are hereby authorized to issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties or facilities owned, leased, mortgaged, or pledged to, maintained or operated by the City or any public entity or received by the City or income, revenues, and receipts received by the City or such public entity from such property and facilities, or derived from contracts or agreements relating to such properties and facilities, including, but not limited to, lease or sublease agreements, sale agreements, loan agreements, pledge agreements, or other financing agreements between the City or such public entity and any entity or from any other sources whatsoever, including but not by way of limitation, other monies which, by law or contract, may be made available to the City or a public entity. The revenue bonds may be issued in accordance with the authority granted by Subpart C, Part I, Chapter 10, Title 33 of the Louisiana Revised Statutes, or Part XIII of Title 39 of the Louisiana Revised Statutes or R.S. 39:1430, and such other laws relating to the issuance of revenue bonds as may be applicable to municipal corporations as political subdivisions of the state, including laws pertaining specifically to the City or its agencies, boards, authorities, and commissions. Notwithstanding the provisions of the aforesaid laws referred to in the previous sentence to the contrary, the provisions of Chapters 13, 13-A and 14 of Title 39 of the Louisiana Revised Statutes shall be applicable to revenue bonds and shall, to the extent of any conflict therewith, govern those matters which are the subject of said Chapters of Title 39.
 (2) The issuance of any revenue bonds by the City under the provisions of this Subsection is subject to approval of the council by resolution adopted by affirmative vote of a majority of its members and the approval of the public entity issuing such bonds or the public entity on whose behalf such bonds are issued, by affirmative vote of a majority of the members of the governing authority of such public entity. Except as provided herein, no other approval for the issuance of revenue bonds shall be required other than that provided by Article VII, Section 8(B) of the Constitution of Louisiana.
La. R.S. 39:1032(6) defines "public entities" as "the Board of Liquidation, City Debt, and all of the agencies, boards, authorities, and commissions of the City (except the Sewerage and Water Board) collectively." Therefore, because NOAB meets the definition of public entity, it is authorized to issue revenue bonds for "any authorized purpose" under R.S. 39:1034(D), with the approval of the city council. *Page 4 
You questioned whether NOAB may issue bonds for the purposes stated in its application for approval. If the purposes stated are "authorized purposes", then NOAB would have authority to issue bonds for such purposes. NOAB wants to borrow money for capital projects and operating expenses. The question then is, are these "authorized purposes".
With regard to capital projects, La. R.S. 2:351 provides in pertinent part:
 A. The city of New Orleans, acting by and through the New Orleans Aviation Board, an agency of the city, or such other agency as may be hereafter created by law as the successor thereof, is hereby authorized, with the approval of the city council, to acquire and construct improvements to and betterments and extensions of the Moisant International Airport, now known and hereinafter referred to as New Orleans International Airport, now owned and operated by the city of New Orleans, including a helioport or helioports. The city of New Orleans is also authorized to acquire by purchase, lease, contract, or exchange, such lands, easements, or other property or rights in property, located within or without the city of New Orleans, as may be necessary or convenient for the acquisition and construction of such improvements, betterments, extensions, and helioports, and the maintenance and operation of the said airport and helioports and all facilities related to air navigation, air safety, and aviation services.
 In connection with the extension or improvement of said airport, the city shall have power to widen existing roads, streets, parkways, avenues, or highways, or to close any roads, streets, parkways, avenues, or highways as may be necessary or convenient to facilitate the construction or operation of said airport, with the consent of the parish or municipality affected, and may enter into contracts with any other political subdivision of the state of Louisiana for any of such purposes, which contracts shall contain such terms and conditions as may be agreed upon by the parties thereto, and no other authorization on the part of the city or any other such political subdivision to enter into such contracts shall be required except that contained herein.
 The city may, with the consent of the parish or municipality affected, further relocate such electric, gas, water, or other public utility services as may be necessary in the construction of any extension or improvement to said airport. *Page 5 
 For the purpose of providing additional revenues for the extension, betterment, and improvement of said airport, the city may construct thereon public recreation, business, trade, or other exhibition facilities and accommodations for public meetings, conventions, and all other kinds of assemblages for business and commercial purposes.
 The city may accept grants, loans, or contributions from the United States government, the state of Louisiana, or any agency or instrumentality of either of them and may expend the proceeds thereof for any purpose connected with the ownership and operation of said airport.
 B. For the purpose of providing for the acquisition and construction of any or all of the facilities referred to in Subsection A of this Section and for the purpose of funding or refunding any obligations incurred for said purposes or issued hereunder, the city of New Orleans, acting by and through the city council of said city, is authorized to issue obligations of said city in the form of bonds, notes, certificates, or other evidences of indebtedness payable and secured only in the manner hereinafter provided. Such obligations shall be payable solely from the revenues derived by the city from the use of the said airport and such facilities and shall not constitute an indebtedness of the city for which the city's general credit or taxing power is pledged, and shall not constitute bonds or indebtedness of the city within the meaning of any constitutional, statutory, or charter limitation or restriction upon the amount of bonds that may be issued by the city, or the amount of indebtedness which the city may incur, or the manner in which the obligations herein authorized may be issued and the indebtedness herein authorized may be incurred, other than the restrictions contained herein. Obligations issued pursuant to this Part shall constitute negotiable instruments within the meaning of the law governing negotiable instruments, and such obligations and the income therefrom are to be exempt from all taxation for state, parish, municipal, or other local purposes.
Clearly, R.S. 2:351 authorizes NOAB to borrow for capital purposes; thus such borrowing would be an "authorized purpose" under R.S. 30:1034(D).
As previously noted, NOAB is a board existing pursuant to the authority of Article V, Section 601 of the Charter. It is clear from the language of 39:1034(D) that the statute contemplates that the City of New Orleans, and its boards, agencies, authorities and commissions, are all authorized to issue bonds. This statute must be read in conjunction with the Charter. Section 3-119 of the Charter provides: *Page 6 
 Section 3-119. Creation of General Debt.
 (1) The Council shall exercise all powers previously vested in the Commission Council in connection with the creation of debt by the Board of Liquidation, City Debt, on behalf of the City of New Orleans; provided, however, that except as expressly authorized elsewhere in this Charter, the Council shall not have authority to submit to the people any proposition creating any bonded indebtedness for the following purposes:
 (a) The payment of any operating expense.
 (b) The payment of any judgment resulting from the failure of the City to pay any item or items of operating expense.
 (c) The payment for any equipment or any public improvement of a normal life of less than ten years.
 The City shall have the authority, except as otherwise prohibited by this Charter, to incur any debt of a term longer than one year permitted under the Constitution and applicable state and municipal law with the approval of a majority of all members of the City Council.
 (2) The foregoing limitations shall not apply should the Council unanimously declare the existence of an emergency due to act of God, riot, war, or a grave emergency which threatens widespread loss of life or grievous injury to health or property.
This section of the Charter allows the City to issue bonds for payment of operating expenses in very limited circumstances. The City may issue bonds for such purposes only if "the Council unanimously declare[s] the existence of an emergency due to act of God, riot, war, or a grave emergency which threatens widespread loss of life or grievous injury to health or property".
It is the opinion of our office that, when read together with the Charter, R.S. 39:1032 and 1034 authorize NOAB to issue bonds for operating expenses when the City Council unanimously declares an emergency due to an act of God which threatens widespread loss of life or grievous injury to health or property. If such a declaration is made, then borrowing to provide working capital for operating expenses would be an "authorized purpose" under R.S. 39:1034(D).
Another provision cited by NOAB for authority to issue revenue bonds is La. R.S. 39:1430, which deals with the securities of public entities and provides: *Page 7 
 A. Notwithstanding any provision of law to the contrary, public entities may issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties and facilities owned, leased, mortgaged, or pledged to, maintained or operated by the public entity or received by the public entity from these properties and facilities, or from contracts or agreements relating to these properties and facilities, including but not limited to lease or sublease agreements, sale agreements, loan agreements, pledge agreements, or other financing agreements, between that public entity or any entity, or from any other sources whatsoever, including but not by way of limitation sales tax revenues, provided annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued, other monies which, by law or contract, may be made available to the public entity. No filing with respect to the pledge of income and revenues to the payment of revenue bonds issued under the constitution or any statute of this state need be made under Chapter 9 of Title 10 of the Louisiana Revised Statutes of 1950, as amended.
 B. Nothing contained in this Section is or shall be construed as a restriction or a limitation upon any powers which any public entity might otherwise have under any laws of this state. This Section shall be regarded as supplemental and additional to powers conferred by other laws.
La. R.S. 39:1421(2) defines "Public entities" as follows:
 "Public entities" means: (a) state boards, agencies or commissions, parishes, municipalities, parish and municipal school boards and districts, levee boards and districts, port boards and commissions, port, harbor, terminal and industrial districts, drainage and land reclamation districts, all special service districts including, but not limited to, road, water, sewerage, fire protection, recreation, hospital service, gas utility and garbage districts; (b) all other political subdivisions, special authorities, commissions, public trusts and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and (c) all other units of local government created by or governed by the governing authorities of parishes or municipalities. *Page 8 
Therefore, NOAB is also authorized to issue revenue bonds under R.S. 1430 for "any authorized purpose". Again, for the reasons discussed above, authorized purposes include borrowing for working capital purposes for operations at the Airport, to pay debt service on previously outstanding indebtedness of NOAB, and to pay for capital projects at the Airport.
NOAB cites La. R.S. 39:1460.1 and 1460.2, which deal with bond anticipation notes of public entities, as granting it authority to issue bond anticipation notes. R.S. 39:1460.1(1) defines Public Entity" as follows:
 (1) "Public Entity" means:
 (a) Parishes, municipalities, parish and municipal school boards and districts, drainage and land reclamation districts, and all special service districts including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) All other units of local government created by or governed by the governing authorities of parishes or municipalities.
R.S. 39:1460.2 provides in part:
 A. Subject to the approval of the State Bond Commission, without reference to any other provisions of the laws of Louisiana and in addition to any other authority therefor [sic], any public entity which is now or hereafter authorized by the constitution or the statutes of the state of Louisiana to incur debt and issue securities may authorize the issuance of bond anticipation notes in one or more series in anticipation of the issuance of securities which have been duly and lawfully authorized. The proceeds of the sale of such notes, exclusive of accrued interest, shall be used for the purpose of paying capitalized interest on such notes, for paying the costs of issuance, for providing a reserve for the payment of such notes, for renewing the principal amount of previously issued bond anticipation notes, or for the purpose for which the anticipated securities were authorized. *Page 9 
Because NOAB meets the definition of public entity, it has the authority to issue bond anticipation notes pursuant to 39:1460.2.
NOAB also cited La. R.S. 39:1470 through 1473, which deal with short-term revenue notes of public entities, as granting it authority to issue revenue notes. R.S. 39:1470(1) defines "Public entities" as follows:
 "Public entities" or "public entity" means any one of the following, acting alone or in conjunction with any other:
 (a) State boards, commissions, or agencies; parishes; municipalities; parish and municipal school boards and districts; levee boards and districts; port boards and commissions; port, harbor and terminal, and industrial districts; drainage and land reclamation districts; all special service districts, including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts; public trusts; and industrial development boards;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) Any other unit of local government created or governed by the governing authority of any parish or municipality.
R.S. 39:1471 provides in part:
 A. Any public entity which is now or hereafter authorized by the constitution or statutes of the state of Louisiana to issue revenue bonds may authorize the issuance of the revenue bonds in the form of short-term revenue notes from time to time in one or more series as part of a commercial paper financing program adopted by the public entity.
 B. Short-term revenue notes may be issued for any of the authorized purposes specified in the constitutional or statutory authority and shall be payable from the revenue sources prescribed in the constitutional or statutory authority or, in the alternative, may be payable from the proceeds of short-term revenue notes approved pursuant to said financing program. *Page 10 
Therefore, NOAB is authorized to issue short-term revenue notes under R.S. 39:1471 for authorized purposes. As previously discussed, authorized purposes include borrowing for working capital purposes for operations at the Airport, to pay debt service on previously outstanding indebtedness of NOAB, and to pay for capital projects at the Airport.
Based upon the foregoing, it is the opinion of our office that, under the facts as outlined in its application for approval and the Resolution of the New Orleans Aviation Board dated December 14, 2005 submitted therewith, NOAB has the authority to issue borrowing arrangements pursuant to the statutes discussed herein for the purposes of providing working capital for operations at the Airport, paying debt service on previously outstanding indebtedness of NOAB, and to pay for capital projects at the Airport. NOAB has such authority subject to approval by the city council; with regards to incurring debt to provide working capital for operations, NOAB has such authority only when the city council unanimously declares the existence of an emergency as provided in Section 3-119 of the Charter.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General